**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

March 10, 2025

**LETTER ORDER**

Re: Stephen M. v. Leland Dudek, Acting Commissioner, Social Security Administration[1]
Civil Case No. SAG-23-2456

Dear Plaintiff and Counsel:

On September 8, 2023, Plaintiff Stephen M. ("Plaintiff"), proceeding *pro se*, commenced this action against the Commissioner of the Social Security Administration ("Commissioner") and several other Defendants. ECF No. 1. The Social Security Administration ("SSA") moved to dismiss all Defendants except the Commissioner. ECF No. 15. The Court granted the SSA's motion on April 12, 2024, and as a result, "Plaintiff's mandamus, Section 405(g), and declaratory judgment claims against the Commissioner will proceed." ECF No. 23. I have considered the record in this case (ECF No. 17), Plaintiff's Motion for Summary Judgment and supplemental document (ECF Nos. 28, 29), the SSA's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (ECF No. 33), and Plaintiff's Response and supplemental documents (ECF Nos. 35, 36, 37). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons set forth below, the Court will DENY Plaintiff's Motion and GRANT the SSA's Motion.

I. **PROCEDURAL BACKGROUND**

Plaintiff has filed for Disability Insurance Benefits ("DIB") four times, in 1988, 2000, 2014, and 2018. Tr. 99. This Court affirmed the SSA's denial of Plaintiff's 2000 application. *Stephen M. v. Comm'r, Soc. Sec.*, Civil No. RWT-04-1516 (D. Md. July 6, 2005), *report and recommendation adopted*, Civil No. RWT-04-1516 (D. Md. July 25, 2005). This Court also affirmed the SSA's denial of Plaintiff's 2014 application. *Stephen M. v. Comm'r, Soc. Sec.*, Civil No. PWG-17-3515, 2019 WL 764027 (D. Md. Feb. 21, 2019), *report and recommendation adopted*, Civil No. PWG-17-3515, 2019 WL 3546547 (D. Md. Apr. 12, 2019).

---

[1] Plaintiff filed this case against the Commissioner of Social Security on September 8, 2023. ECF No. 1. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

Plaintiff filed his most recent Title II application for DIB in October 2018, alleging a disability period of August 10, 1987 to June 30, 1994. Tr. 96, 347-50. Plaintiff's claims were denied initially and on reconsideration. Tr. 96, 108-11, 119-25. The Administrative Law Judge ("ALJ") dismissed Plaintiff's request for a hearing on August 19, 2020. Tr. 76-83. After the Appeals Council declined Plaintiff's request for review, Plaintiff sought this Court's review. Tr. 84-86. The Court remanded Plaintiff's case to the SSA for further proceedings with the consent of both parties. Tr. 86; *see Stephen M. v. Kijakazi*, Civil No. DKC-21-1663, ECF No. 33 (D. Md. June 15, 2022).

On remand, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ. Tr. 87-91. The ALJ dismissed Plaintiff's request for a hearing on October 6, 2022, under the doctrine of res judicata, and found there was no basis to vacate a prior dismissal or reopen a prior decision. Tr. 92-107. The Appeals Council denied Plaintiff's written exceptions and found no reason to assume jurisdiction, Tr. 1-6, so the ALJ's October 6, 2022 decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that a court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. v. Unites States*, 945 F.2d 765, 768 (4th Cir. 1991)).

A pro se plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted). Pro se filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

## III. **ANALYSIS**

Plaintiff asserts various bases for subject matter jurisdiction: the Social Security Act, the United States Constitution, the Mandamus Act, federal question jurisdiction, and the Declaratory Judgment Act. *See* ECF Nos. 1, 28. The SSA counters that Plaintiff lacks subject matter jurisdiction under each of the alleged jurisdictional bases. *See* ECF No. 33-1. The Court finds no basis for subject matter jurisdiction; the Court addresses each jurisdictional basis in turn.

Case 8:23-cv-02456-SAG   Document 38   Filed 03/10/25   Page 3 of 11

Stephen M. v. Dudek
Civil No. SAG-23-2456
March 10, 2025
Page | 3

A. <u>Jurisdiction to Review Application of Res Judicata under the Social Security Act</u>

First, the SSA argues that the Court lacks subject matter jurisdiction under the Social Security Act because the ALJ properly applied res judicata to bar Plaintiff's 2018 application. ECF No. 33-1, at 6-19. The Social Security Act provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(h) of the SSA further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Thus, § 405(g) is generally "the sole avenue for judicial review of all claim[s] arising under" the SSA. *See Heckler v. Ringer*, 466 U.S. 602, 602 (1984) (quotation and citation omitted).

The SSA can apply the doctrine of res judicata to avoid claimants "indefinitely extend[ing]" the adjudication of the claimant's claims after a denial of benefits. *Easley v. Finch*, 431 F.2d 1351, 1353 (4th Cir. 1970). An ALJ can apply res judicata to dismiss a hearing request if the SSA "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action[.]" 20 C.F.R. § 404.957(c)(1). When a claimant appeals a dismissal on the basis of res judicata, "the district court has jurisdiction to determine, as appropriate, whether res judicata has properly been applied, or whether, though res judicata might properly have been applied, the claim has nevertheless been reopened." *McGowen v. Harris*, 666 F.2d 60, 66 (4th Cir. 1981) (citing *Farley v. Califano*, 599 F.2d 606, 608 (4th Cir. 1979)). The court's examination of the SSA's application of res judicata is an exercise of the court's "inherent jurisdiction to determine its own jurisdiction." *Id.* (citing *Texas & Pac. Ry. v. Gulf, Colo. & Santa Fe Ry.*, 270 U.S. 266, 274 (1926)).

Here, the ALJ dismissed Plaintiff's request for a hearing under res judicata because Plaintiff's current 2018 application had been previously adjudicated in an administratively final decision. Tr. 99-102. Specifically, in 2002, an ALJ adjudicated Plaintiff's 2000 application for DIB benefits from Plaintiff's alleged onset date, August 7, 1987, through his date last insured, June 30, 1994; the ALJ denied Plaintiff's claim at step two. Tr. 35-43. The instant ALJ noted that the ALJ's 2002 decision became administratively final when this Court affirmed the SSA's denial of Plaintiff's 2000 application and Plaintiff did not appeal. Tr. 101; *see Stephen M. v. Comm'r, Soc. Sec.*, Civil No. RWT-04-1516 (D. Md. July 6, 2005), *report and recommendation adopted*, Civil No. RWT-04-1516 (D. Md. July 25, 2005).

In 2016, an ALJ adjudicated Plaintiff's 2014 application for DIB benefits for the same period—August 7, 1987, through June 30, 1994; the ALJ dismissed Plaintiff's claim under the doctrine of res judicata. Tr. 44-46. This Court affirmed the SSA's denial of Plaintiff's 2014

application, concluding that "the ALJ properly applied res judicata in dismissing Plaintiff's claim" because "Plaintiff's current claim was based on 'the same facts and same issues' as his 2000 application" and "covered the same time period." *Stephen M.*, 2019 WL 764027, at \*2.

Yet again, Plaintiff's current 2018 application covered the same time period—August 10, 1987, through June 30, 1994.[2] Tr. 96, 347-50. Additionally, Plaintiff's current claim does not rest on any material changes in the issues or the facts. Tr. 100-01. As such, the ALJ properly applied res judicata in dismissing Plaintiff's claim.

Plaintiff alleges four bases for his assertion that the ALJ should not have applied res judicata to his claim: (1) separation of powers and Appointments Clause; (2) revision to immune system disorders listing; (3) new and material evidence; and (4) defects in the ALJs' earlier decisions evaluating Plaintiff's 1988, 2000, and 2014 applications. ECF No. 28, at 4-23. The SSA argues that each of these bases lack merit, ECF No. 33-1, at 6-19; the Court agrees.

1. *Plaintiff's Separation of Powers and Appointments Clause Arguments*

First, Plaintiff challenges the ALJs' decisions adjudicating his 1988, 2000, and 2014 applications based on the separation of powers doctrine, under *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197 (2020), asserting that the position of Commissioner of Social Security was found to be unconstitutional, therefore, the "rules put together by a Commissioner under the current structure are unconstitutional because the Commissioner never had authority to put them in place[.]" ECF No. 28, at 21-23. The SSA counters that Plaintiff's constitutional argument based on separation of powers is meritless. ECF No. 33-1, at 8-10. The Court agrees.

In *Seila Law*, the Supreme Court held that the Consumer Financial Protection Bureau's removal structure—where the agency was led by a single director removable only for good cause—violated the separations of powers doctrine. 591 U.S. at 213. A year later, in *Collins v. Yellen*, "the Supreme Court determined that a single head of an agency of the executive branch cannot serve for a longer term than the President when [the agency head] may only be removed for cause, as this constitutes a separation of powers violation." *Senora M. v. Kijakazi*, No. BPG-21-857, 2022 WL 1714883, at \*3 (D. Md. Mar. 4, 2022) (citing *Collins*, 594 U.S. 220, 249 (2021)). "The SSA employs this structure, as it is an executive agency run by a single agency head who is appointed to a six-year term and can only be removed for cause by the President." *Id.* (citing 42 U.S.C. § 902(a)(3)). *Collins*, however, also reiterated that, as set forth in *Seila Law*, "a plaintiff that challenges a statutory restriction on the President's power to remove an executive officer can establish standing by showing that it was harmed by an action that was taken by such an officer and that the plaintiff alleges was void." 594 U.S. at 258 n.24 (citing *Seila Law*, 591 U.S. at 209-11). Here, Plaintiff has not alleged that Commissioner Apfel, who led the SSA at the time the ALJ denied Plaintiff's 1988 application; that Commissioner Barnhart, who led the SSA at the time the

---

[2] While August 10, 1987 is a different alleged onset date than the alleged onset date in Plaintiff's earlier applications, Plaintiff's alleged onset date of August 10, 1987 is encompassed in the earlier applications' period of disability alleged from August 7, 1987 through June 30, 1994.

ALJ denied Plaintiff's 2000 application; or that Acting Commissioner Colvin, who led the SSA at the time the ALJ denied Plaintiff's 2014 application, played any role in these ALJs' decisions. *See Senora M.*, 2022 WL 1714883, at *3 (rejecting a separation of powers argument on similar grounds); *Vanessa B.-S. v. Kijakazi*, No. 23-0214-BAH, 2023 WL 6245320, at *3 (D. Md. Sept. 26, 2023) (same). As such, Plaintiff lacks standing to bring this constitutional argument, and Plaintiff's argument that res judicata should not have been applied based on a violation of separation of powers is meritless.

Second, Plaintiff alleges that the ALJs' decisions on his 1988, 2000, and 2014 applications "were made by improperly appointed ALJs with no lawful authority and do not constitute res judicata" based on the Appointments Clause. ECF No. 28, at 21-22 (emphasis omitted). The SSA counters that "Plaintiff's Appointments Clause argument provides no basis for relief." ECF No. 33-1, at 11-12. The Court agrees.

In *Lucia v. Sec. & Exch. Comm'n*, 585 U.S. 237 (2018), the Supreme Court held that Securities and Exchange Commission ALJs were "Officers of the United States" and therefore had to be appointed by the agency head, the president, or a court of law under the Appointments Clause of the U.S. Constitution. 585 U.S. at 244-45 (citing U.S. Const. art. II, § 2, cl. 2). In response to that ruling, on July 16, 2018, Acting Commissioner Nancy Berryhill reappointed the SSA's ALJs and Appeals Council judges. *Carr v. Saul*, 593 U.S. 83, 86-87 (2021); *see* Social Security Ruling 19-1p, 2019 WL 1324866, at *2 (S.S.A. Mar. 15, 2019).

The claimants in *Lucia* challenged that Acting Commissioner Berryhill lacked lawful authority under the Federal Vacancies Reform Act at the time she reappointed the SSA's ALJs and Appeals Council judges, entitling the claimants to new hearings before properly appointed ALJs. *Rush v. Kijakazi*, 65 F.4th 114, 117 (4th Cir. 2023). The Fourth Circuit, however, unequivocally rejected this argument. In *Rush*, the Fourth Circuit held that Acting Commissioner Berryhill was "properly serving as SSA Acting Commissioner when she ratified the ALJs' appointments." *Rush*, 65 F.4th at 124.

Here, as the SSA posits, Plaintiff does not dispute that the ALJ in 2022, denying Plaintiff's 2018 application, "was appointed in accordance with the Appointments Clause at all relevant times." ECF No. 33-1, at 11. The SSA asserts that Plaintiff "cannot collaterally attack" the ALJs' earlier decisions, urging the Court to reject Plaintiff's claim that the previous ALJs "were not properly appointed at th[e] time" of the earlier ALJs' decisions and that the ALJ in 2022 "should not have given res judicata effect to those prior decisions." *Id.* (citing *Hughes v. Kijakazi*, No. 5:21-905-KDW, 2022 WL 3714627, at *16 (D.S.C. Aug. 29, 2022) (finding that plaintiff "in no way dispute[d] the constitutionality of the [current ALJ] appointment"; plaintiff could not "collaterally attack the 2015 ALJ decision at this point"; and that *Lucia* does not require remand where "[t]he application now under consideration was filed after ALJ appointments were ratified."); *Colbert v. Comm'r of Soc. Sec. Admin.*, No. 5:20-CV-2234, 2022 WL 556738, at *2 (N.D. Ohio Feb. 24, 2022) ("Plaintiff points to no law that would allow the [c]ourt to reach back and declare the decision of that previous ["improperly appointed"] ALJ unreliable.")); *see Lisa W. v. Kijakazi*, No. 2:20-CV-00590, 2021 WL 6101825, at *11 (E.D. Va. Sept. 28, 2021) (finding that *Lucia* does not prohibit ALJs from relying on prior ALJ decisions that had been "rendered before

the Acting Commissioner's ratification of ALJ appointments"), *report and recommendation adopted*, No. 2:20CV590, 2021 WL 5412585 (E.D. Va. Nov. 19, 2021). As such, the Court finds Plaintiff's assertion, that the ALJ should not have applied res judicata to his claim based on the Appointments Clause, meritless.

### 2. *Revision to Immune System Disorders Listing*

Plaintiff argues that the ALJ should not have applied res judicata to his claim because the listings for immune system disorders changed after his 2000 application and he was diagnosed with a "Primary" Immune Disorder in 2019, after the dismissal of his 2014 application; therefore, the ALJ should have made a new substantive determination as directed by the SSA's Program Operations Manual System ("POMS"), DI 27516.010.[3] ECF No. 28, at 5-9. The SSA counters that because the ALJ denied Plaintiff's 2000 application at step two of the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520, and did not proceed to step three to determine if an impairment met or equaled the requirements of a listed impairment, "any later change in the Listing of Impairments is irrelevant." ECF No. 33-1, at 12. The SSA argues that this Court not only affirmed the ALJ's 2002 "decision as supported by substantial evidence"; but this Court also rejected a similar argument by Plaintiff in 2019, explaining at that time that "[t]he ALJ's [2002] decision did not rely at all on the listings, which are only evaluated at step three of the evaluation process. Therefore, the ALJ's decision in Plaintiff's 2000 application need not be reassessed based on revisions to the listings." *Id.* at 13 (citing *Stephen M.*, 2019 WL 764027, at *3). The Court reaches the same conclusion here.

The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [the claimant's] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

As relevant here, at step one in Plaintiff's 2000 application, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since the alleged onset of disability." Tr. 39, 43. The ALJ therefore proceeded to step two and found that Plaintiff did not have a severe impairment because Plaintiff "d[id] not have an impairment that imposes even minimal restrictions on [his] ability to perform basic work tasks." Tr. 40, 43. In accordance with the regulations, the ALJ ended the evaluation at step two and found Plaintiff not disabled. 20 C.F.R. § 404.1520(a)(4)(ii) ("If [the claimant] does not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, [the SSA] will find that [the claimant is] not disabled."). Because the ALJ did not proceed to step three, the ALJ's decision did not rely on the listings. Therefore, as this Court found in *Stephen M.*, 2019 WL 764027, at *3, the

---

[3] Notably, POMS is considered a "nonbinding policy statement[] and guidance document[]." *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 661 (4th Cir. 2017).

ALJ's decision evaluating Plaintiff's 2000 application did not rely on the listings, as such, the decision "need not be reassessed based on revisions to the listings."

### 3. Reopening Decisions Based on New and Material Evidence

Plaintiff argues that res judicata should not bar his claims because he submitted new and material evidence. ECF No. 28, at 7-9. Specifically, Plaintiff argues that new evidence of a diagnosis of specific antibody deficiency and chronic infections preclude the application of res judicata. *Id.*, at 3-9. The SSA counters that the ALJ correctly applied res judicata because "the ALJ properly reviewed this evidence and correctly determined that it was not material to the ultimate question as to whether Plaintiff was disabled prior to June 1994." ECF No. 33-1, at 13.

As an initial matter, Plaintiff faults the ALJ for evaluating whether to reopen Plaintiff's prior 2002 dismissal or vacating the prior dismissal from 2016.[4] ECF No. 28, at 20-21. However, as the SSA correctly asserts, "the district court has jurisdiction to determine, as appropriate, whether res judicata has properly been applied, or whether, though res judicata might properly have been applied, the claim has nevertheless been reopened." ECF No. 33-1, at 15 (citing *McGowen*, 666 F.2d at 66).

The SSA's regulations allow cases which are otherwise final to be reopened, 20 C.F.R. § 404.988, and "[a] decision that is subject to being reopened provides an inappropriate bar" on grounds of res judicata. *Grose v. Cohen*, 406 F.2d 823, 825 (4th Cir. 1969). Within four years of "the notice of the initial determination," the SSA may reopen for good cause, such as "[n]ew and material evidence," or if the evidence relied on "clearly shows on its face that an error was made." 20 C.F.R. §§ 404.988(b), 404.989. If more than four years passed after the notice of the initial determination, the case may only be reopened for the specific reasons listed in 20 C.F.R. § 404.988(c), which include reasons such as fraud, clerical error, and criminal convictions affecting the right to receive benefits.

Plaintiff has not alleged any circumstances that warrant reopening under 20 C.F.R. § 404.988(c). Instead, pursuant to 20 C.F.R. § 404.988(b), the ALJ determined that an inquiry into whether Plaintiff's evidence was "new and material" is not applicable because "[m]ore than four years have elapsed from multiple prior decisions that became administratively final." Tr. 102-07. In any event, the ALJ examined the additional evidence and found it did not meet the "new and material" standard. Tr. 104-07. Specifically, the ALJ evaluated Dr. David Buscher's medical opinion on, among other things, Plaintiff's chronic infections, appendicitis, and inflammation, concluding that the evidence was not material because it did "not show facts that would have

---

[4] The ALJ declined to vacate the 2016 dismissal because "regardless of whether the evidence . . . presented was new and material, . . . doing so would not be timely." Tr. 103 (citing 20 C.F.R. § 404.960(a) (If a claimant wishes to request to vacate a dismissal of a request for a hearing, the claimant "must do so within 60 days of the date [the claimant] receive[s] notice of the dismissal, . . . If the Appeals Council decides to vacate a dismissal on its own motion, it will do so within 60 days of the date we mail the notice of dismissal[.]")).

resulted in a different conclusion had it been available at the time of the determination or decision." Tr. 105-06. The ALJ also evaluated evidence of Plaintiff's 2019 diagnosis of specific antibody deficiency, finding the evidence to be neither new nor material because the evidence did not relate back to his date last insured of 1994, and that regardless, Plaintiff's additional evidence would not change the outcome of the ALJ's decisions in 2002 or 2016. Tr. 106-07. The Court finds that the ALJ correctly found any request to reopen Plaintiff's claim on the basis of new and material evidence to be untimely, and that even if the request was timely, Plaintiff's additional evidence does not meet the new and material standard for reopening his claim.

Additionally, in response to Plaintiff's motion to dismiss, or in the alternative, motion for summary judgment, Plaintiff claims that he was diagnosed with Aplastic Anemia in November 2023, after the ALJ's 2022 decision. ECF No. 35, at 7-9, 17. To support his claim, Plaintiff provides several graphs showing his platelets, hemoglobin, and white blood cell levels and his weight loss. *See* ECF Nos. 36, 37. New evidence is material where it is not cumulative and there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (citing *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Here, it is unclear to the Court how these graphs, which do not state that Plaintiff was diagnosed with Aplastic Anemia, had symptoms related to Aplastic Anemia, or mention the term "Aplastic Anemia", support that the outcome of the ALJ's 2022 decision would have changed based on the alleged new diagnosis of Aplastic Anemia.

### 4. *Issues Related to Plaintiff's 1988, 2000, and 2014 Applications*

Plaintiff alleges various defects in the adjudications of his 1988, 2000, and 2014 applications. ECF No. 28, at 10-11, 14-20. As to Plaintiff's 1988 application, Plaintiff challenges the ALJ's evaluation of his treating physician's medical opinion. *Id.*, at 14-15. As to Plaintiff's 2000 application, Plaintiff alleges that the ALJ's decision contained misrepresentations and reflected a "bias" against chemical injury and environmental illness claims. *Id.*, at 15-20. As to Plaintiff's 2014 application, Plaintiff alleges that certain evidence was not reviewed. *Id.*, at 10-11.

The SSA urges the Court to reject these arguments because Plaintiff's 1988 and 2000 applications "have been administratively final for over 20 years and the time to reopen these decisions has long since passed[,]" and that even if these arguments were timely, "the ALJ's conclusions regarding the evaluations of his claim is not sufficient grounds to reopen." ECF No. 33-1, at 17. The SSA also asserts, as to Plaintiff's 2014 application, "the dismissal for a request for a hearing was already upheld as proper under res judicata by this Court in 2019." *Id.*, at 17-18. The Court finds that Plaintiff has not asserted any cognizable grounds that res judicata should not be applied to Plaintiff's 2018 application based on these alleged defects in Plaintiff's earlier applications.

B. Constitutional Claims

A court may have jurisdiction to hear constitutional challenges related to a Social Security claim, even if there is no jurisdiction under 42 U.S.C. § 205(g), because to do otherwise would

"effectively [close] the federal forum to the adjudication of colorable constitutional claims." *Califano v. Sanders*, 430 U.S. 99, 109 (1977). However, only in "rare instances" would a denial of a request to reopen a claim be challenged on a colorable constitutional basis. *Id.* The Court finds that this case is not one of those rare instances.

Plaintiff alleges various violations of his due process rights, including that the SSA failed to provide his 1988 and 2000 claim files to the reconsideration state agency medical consultant for his 2018 application, failed to "enter Plaintiff's DVD of his medical records 1983-2018 into the record," and the Disability Determination Services ("DDS") "lost" his prior claim files and "suppressed evidence." ECF No. 28, at 10-14, 26. Plaintiff also states that he has "an Equal Protection right not to be disadvantaged in such determinations as compared to others with different medical diagnoses, treating physicians, state of residence, size of claim file, or representational status." *Id.*, at 26 n.75. The SSA maintains that the ALJ "gave Plaintiff ample opportunity to submit any evidence he wanted the ALJ to review on his claim." ECF No. 33-1, at 16. On July 23, 2022, the ALJ gave Plaintiff one month to submit additional evidence; Plaintiff asked for an extension until September 2, 2022, which the ALJ granted; and the ALJ left the record open for Plaintiff to submit additional evidence until October 2, 2022. Tr. 96-97; *see* Tr. 2 (Appeals Council noting that the ALJ "left the record open longer than [Plaintiff] requested and after [Plaintiff was] sent an entire copy of [Plaintiff's] file."). The SSA asserts that the ALJ reviewed "the entirety of Plaintiff's 13,500+ page file," properly determined that res judicata barred Plaintiff's claim, and that "Plaintiff's complaints regarding the DDS do not undermine the ALJs decision." ECF No. 33-1, at 16-17.

The Court finds no basis to suggest that Plaintiff's due process rights were violated. Careful review of the record reflects that the ALJ considered "the record and the additional submissions from" Plaintiff. Tr. 97. Even if Plaintiff is correct that additional files or medical evidence is missing from the administrative record, Plaintiff's time to submit additional new and material evidence has expired, as found above. Moreover, Plaintiff's constitutional claim related to his Equal Protection rights was rejected by this Court in his previous appeal. *See Stephen M.*, 2019 WL 764027, at *4. The Court finds no reason to revisit this claim. As such, this Court must find that it does not have jurisdiction based on constitutional violations because Plaintiff does not assert a colorable constitutional claim.

C. <u>Mandamus Jurisdiction, 28 U.S.C. § 1361</u>

The Supreme Court and Fourth Circuit have not expressly decided whether 42 U.S.C. § 405(h) forecloses the courts' jurisdiction to hear mandamus claims arising under the Social Security Act.[5] *See Heckler*, 466 U.S. at 616 ("We have on numerous occasions declined to decide

---

[5] Plaintiff cites to *Binder & Binder PC v. Barnhart*, 399 F.3d 128 (2nd Cir. 2005), and *Pronti v. Barnhart*, 339 F. Supp. 2d 480 (W.D.N.Y. 2004), to support his claim for mandamus jurisdiction, as well as the other bases of jurisdiction he alleges. ECF No. 1, at 10. This Court in its 2019 decision, affirming the dismissal of the request for a hearing of Plaintiff's 2014 application, noted these "decisions are not binding on this Court." *Stephen M.*, 2019 WL 764027, at *4. The Court

Stephen M. v. Dudek
Civil No. SAG-23-2456
March 10, 2025
Page | 10

whether the third sentence of § 405(h) bars mandamus jurisdiction over claims arising under the Social Security Act[.]"); *Monger v. Brown*, 817 F.2d 15, 17 n.2 (4th Cir. 1987). Mandamus is a "drastic [remedy], to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). It is available only when a plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler*, 466 U.S. at 616-617.

Plaintiff alleges that the Court has mandamus jurisdiction over his claim because in over three decades of his proceedings, the SSA has not had a physician "review the entirety of Plaintiff's medical records since new and material medical evidence and new issues became available such that res judicata of Plaintiff's prior 1988 and 2000 determinations does not hold." ECF No. 28, at 4-5 (emphasis omitted). The SSA counters that the ALJ properly applied res judicata "as an administratively final prior decision existed regarding the relevant time period, there were no new issues, and the evidence Plaintiff provided was not 'new or material' as to Plaintiff's functioning prior to the expiration of his date last insured in June 1994." ECF No. 33-1, at 20. The Court agrees.

As Judge Grimm found in Plaintiff's 2019 appeal, "[b]ecause the SSA properly applied res judicata, Plaintiff has failed to show that the SSA owed him a clear nondiscretionary duty to hold a hearing for his most recent disability application." *Stephen M.*, 2019 WL 3546547, at *1. The Court reaches the same conclusion here. Because the ALJ properly applied res judicata to Plaintiff's 2018 application, Plaintiff has failed to show that the SSA owed him a clear nondiscretionary duty to hold a hearing for his most recent disability application. As such, even assuming *arguendo* that mandamus is an accepted source of jurisdiction for Social Security cases, Plaintiff has failed to establish mandamus jurisdiction.

D. Federal Question Jurisdiction, 28 U.S.C. § 1331

Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331. ECF No. 1, at 10. Generally, sovereign immunity protects the federal government and its agencies from being sued, absent an express waiver. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The Social Security Act contains an exclusive remedy provision that expressly bars claimants from bringing actions relating to Social Security claims under 28 U.S.C. § 1331. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). Instead, jurisdiction over cases "arising under" Social Security exists only under 42 U.S.C. § 405(g), which requires a final agency decision in advance of judicial review. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action."); *but see Califano*, 430 U.S. at 108-09 (recognizing exceptions when holding otherwise effectively "close[] the federal forum to the adjudication of colorable constitutional claims."). As previously discussed, Plaintiff does not have a colorable constitutional claim collateral to his claim for

---

reaches the same conclusion here.

benefits. Accordingly, subject matter jurisdiction does not exist under 28 U.S.C. § 1331.

### E. Jurisdiction Under the Declaratory Judgment Act

Lastly, Plaintiff asserts that the Court has jurisdiction under the Declaratory Judgment Act pursuant to 28 U.S.C. §§ 2201 and 2202. ECF No. 28, at 4, 26-27. The SSA counters that "[t]his same argument was rejected by this Court in its 2019 decision affirming the dismissal of the request for a hearing of Plaintiff's 2014 application[.]" ECF No. 33-1, at 21. As this Court determined in 2019, the Declaratory Judgment Act provisions, 28 U.S.C. §§ 2201 and 2202:

> provide declaratory relief as an additional remedy, and permit a "federal court to declare the rights of a party whether or not further relief is or could be sought." *Int'l Coal. for Religious Freedom v. State of Md.*, 3 F. App'x 46, 51 (4th Cir. 2001) (quoting *Green v. Mansour*, 474 U.S. 64, 72 (1985)). However, "[i]t is apparent that the plaintiff may not allege jurisdiction solely under 28 U.S.C. §§ 2201 or 2202. Those sections do not extend the jurisdiction of the federal courts but merely extend the range of remedies available in cases which otherwise fall within the jurisdiction of the courts." *Evans v. Chesapeake & Potomac Tel. Co. of Md.*, Civil Action No. M-80-2898, 1981 WL 145, at *2 (D. Md. Apr. 2, 1981) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950)). Therefore, 28 U.S.C. §§ 2201 and 2202 provide no independent basis of subject matter jurisdiction.

*Stephen M.*, 2019 WL 764027, at *5 (brackets in original). The Court reaches the same conclusion here. The Court finds that it does not have jurisdiction over Plaintiff's claim based on the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because these provisions do not provide an independent basis of subject matter jurisdiction. Having found no basis for subject matter jurisdiction, the Court grants the SSA's Motion to Dismiss for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF No. 28, is DENIED, Defendant's motion to dismiss or, in the alternative, for summary judgment, ECF No. 33, is treated as a motion to dismiss and GRANTED for lack of subject matter jurisdiction. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge